UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JAMES COLTRIN, ET AL.** | : | **DOCKET NO. 2:09-CV-837** |
| **VERSUS** | : | **JUDGE MINALDI** |
| **RAIN CII CARBON, L.L.C., ET AL.** | : | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the court is a Motion to Remand [doc. 33] filed by plaintiffs James Coltrin, et al. The motion is opposed by defendants Rain CII Carbon, L.L.C. [doc. 45] and Reynolds Metals Co. [doc. 44].[1]

*Background*

On April 3, 2009 plaintiffs James Coltrin, et al., filed suit in the 14th Judicial District of Louisiana against defendant Rain CII Carbon, L.L.C. and several others. Doc. 1, att. 3. In their petition plaintiffs raise negligence, trespass, and nuisance claims against the defendants. *Id.* Specifically plaintiffs allege that the defendants produce petroleum coke and carbon anodes at facilities in Calcasieu Parish, Louisiana, and in doing so emit pollutants that contaminate the surrounding property. *Id.* Plaintiffs allege that the emissions leave a thin black film on plaintiffs' property requiring the continual power-washing and painting of buildings and automobiles, as well as replacement of pool liners and dying vegetation. *Id.* To remedy the situation, plaintiffs applied for class certification of "[a]ll persons and entities owning property within twelve miles of the coke producing facilities of the defendants," and prayed for injunctive relief and damages. *Id.*

---

[1] Defendant Rain CII Carbon simply adopts the arguments made by Reynolds Metals. *See* doc. 45.

On May 21, 2009, pursuant to 28 U.S.C. § 1441, the defendants removed the case to this court. Doc. 1. Defendants allege valid diversity jurisdiction under 28 U.S.C. § 1332(a) and 28 U.S.C. § 1332(d). *Id.* Subsequently, plaintiffs filed a motion to remand the case to state court. Doc. 33. Plaintiffs argue that this court lacks valid subject matter jurisdiction. *Id.*

First, plaintiffs allege that this court does not have jurisdiction under section 1332(a) because the amount in controversy requirement is not met. Doc. 33, att. 1, p. 7. Plaintiffs claim that the defendants cannot show to the requisite legal standard that the amount in controversy is greater than the required jurisdictional amount. *Id.* at 8. Furthermore plaintiffs assert that it is immaterial whether the defendants have met their burden because plaintiffs have already shown that it is legally certain recovery cannot exceed the jurisdictional threshold. *Id.* Plaintiffs argue that they have avoided federal diversity jurisdiction by affirmatively waiving their right to recover beyond $75,000. *Id.* at 8-9. Plaintiffs contend that affidavits filed prior to removal accomplish this by stating:

> the entire cumulative total amount of my cause of action claimed or to be claimed in this suit does not and shall not exceed the sum of seventy-five thousand ($75,000.00) dollars, exclusive of interests and costs . . . This includes all payments made or to be made to me or on my behalf . . . such that I will not have received, from all sources combined, a cumulative amount in excess of seventy-five ($75,000.00) dollars.

Doc. 1, att. 3, p. 9.

Next plaintiffs argue that this court lacks jurisdiction under the Class Action Fairness Act (28 U.S.C. § 1332(d)). Doc. 33, att. 1, p. 12. Plaintiffs concede that the jurisdictional requirements of section 1332(d) are met but argue that an exception for purely local controversies applies. *Id.* Plaintiffs contend that this court must decline jurisdiction because more than two-thirds of the plaintiff class are citizens of the original filing state, at least one

defendant is from the original filing state and is a defendant from whom plaintiff seeks significant relief, the principal injuries occurred within the original filing state, and no other class action of similar claims has been filed against any of the defendants within the three years preceding the filing of this case. *Id.*

Defendants oppose plaintiffs' motion to remand. Docs. 44, 45. The defendants assert that the plaintiffs err in two key areas. Doc. 44, p. 1. First defendants argue that plaintiffs' attempts to disclaim recovery above the jurisdictional amount is ineffective because the affidavits do not sufficiently waive damages over $75,000 or any entitlements to attorneys' fees. *Id.* Second, defendants assert that the 'purely local controversy' exception to the Class Action Fairness Act (hereinafter "CAFA") does not apply because plaintiffs have failed to demonstrate that two-thirds of the broadly defined putative class are Louisiana citizens. *Id.* at. 2. Therefore, defendants claim valid federal diversity jurisdiction under 28 U.S.C. § 1332(a) and CAFA, and opposes plaintiffs' motion to remand.

The plaintiffs' motion is now before the court.

### *Law and Analysis*

Federal district courts may have diversity jurisdiction over a class action suit under 28 U.S.C. § 1332(a) and/or under 28 U.S.C. § 1332(d) (CAFA jurisdiction). *See Exxon Mobil Corp. v. Allapattah*, 545 U.S. 546, 550 (2005) (section 1332(a) jurisdicition); *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 569 (5th Cir. 2011) (CAFA jurisdiction). As discussed above, plaintiffs in the current litigation seek to avoid federal jurisdiction by claiming that section 1332(a) requirements have not been satisfied and that an exception to CAFA applies.

A federal court may have valid diversity jurisdiction upon removal from state court by a defendant, if the defendant proves by a preponderance of the evidence that the amount in

controversy exceeds $75,000.00.  *Lucket v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).  Defendants meet this burden by either showing that it is facially apparent that the amount in controversy exceeds $75,000.00, or by setting forth facts in its removal petition (or affidavit) that support a finding of the requisite amount in controversy.  *Id.*  However, even if a defendant is successful in meeting this burden, remand will still be proper if the plaintiff shows that it is legally certain that its recovery will not exceed the jurisdictional amount.  *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1409 (5th Cir. 1995).

Plaintiffs can meet this burden by filing a pre-removal binding stipulation, or affidavit, affirmatively renouncing their right to accept a judgment in excess of $75,000.00.  *Id.* at 1412.  Post-removal affidavits or stipulations are not to be considered in support of remand unless the amount in controversy is ambiguous at the time of removal.  *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000).  This is because the amount in controversy is determined on the basis of the record as it exists at the time of removal.  *Associacion Nacional de Pescadores v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 565 (5th Cir. 1993).

The above discussion is especially pertinent in cases removed from Louisiana state court because Louisiana prohibits plaintiffs from petitioning for a specific monetary amount.  *See*  LA. CODE CIV. PROC. ANN. art. 893(A)(1).  Furthermore, ambiguity may arise in cases based on Louisiana law because Louisiana plaintiffs are not limited to recovery requested in their pleadings.  LA. CODE CIV. PROC. ANN. art. 862 (2005).  Article 862 provides that state courts will grant to a successful plaintiff the relief it is entitled to, even if it has not demanded such relief.  Therefore, defendants seeking to remove suits from Louisiana state courts *must* establish the amount in controversy by setting forth sufficient facts in its removal notice.

Defendants may meet this burden by establishing the amount of attorneys' fees attributable if the plaintiff's claim is successful. *Foret v. Southern Farm Bureau Life Ins. Co.*, 918 F.2d 534, 537 (5th Cir. 1990); *see also* 14A C. Wright & A. Miller, *Federal Practice & Procedure* § 3712, at 176 (2d ed. 1985). Attorneys' fees present a substantial area of recovery for class action plaintiffs, the amount of which may lead to a recovery above the jurisdictional amount. *See* LA. CODE CIV. PROC. ANN. art 595; *Boeing Co. v. Van Gamert*, 444 U.S. 472, 480-81 (1980). For the purpose of establishing the jurisdictional amount in a putative class action removed from a Louisiana state court, federal courts are required to attribute all attorneys' fees that are potentially recoverable by the class as a whole to the named class representatives. *See Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 876 (5th Cir. 2002); *In re Abbott Labs*, 51 F.3d 524, 526-27 (5th Cir. 1995). Additionally, the Fifth Circuit has expressed doubt that a class representative can unilaterally waive the rights of the putative class members to attorneys' fees without authorization. *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 724 (5th Cir. 2002); *De Aguilar*, 47 F.3d at 1413 (holding that representative plaintiffs had no authority to limit class members' recovery); *see also Pendleton v. Parke-Davis*, No. 00-2736, 2000 WL 1808500, *5 (E.D. La. 2000).

In the current case, it is agreed upon by the parties that diversity exists for the purposes of section 1332(a). Doc. 33, att. 1, p. 7. The sole issue is the amount in controversy requirement. *Id.* The defendants have established that attorneys' fees alone will likely reach above the required amount in controversy threshold. *See* Doc. 1, p. 5-7. The plaintiffs do not disagree with defendants' assertion, but rather claim that they have effectively waived their rights to attorneys' fees. Doc. 33, p.12.

Upon viewing the record at the time of removal, it is clear that the plaintiffs have requested attorneys' fees in their petition. Doc. 1, att. 3, p. 8. Additionally the affidavits filed by plaintiffs before removal do not mention attorneys' fees. *See, e.g.,* Doc. 1, att. 3, p. 9. Therefore, at the time of removal plaintiffs had not affirmatively renounced their right to recoupment of attorneys' fees, and in fact, plaintiffs' petition expressly prayed for them. Furthermore, under the jurisprudence of the Fifth Circuit, even if plaintiffs had effectively waived their right to attorneys' fees, it is likely that such a waiver would *not* be effective without authorization from the putative class.

Consequently, plaintiffs have not carried their burden in establishing that recovery will be legally certain to not reach the amount in controversy threshold. Therefore, this court has subject-matter jurisdiction under 28 U.S.C. § 1332(a).

Because the jurisdictional requirements of 28 U.S.C. § 1332(a) are satisfied, there is no need to evaluate potential jurisdiction under CAFA. *See Exxon Mobil Corp. v. Allapattah*, 545 U.S. 546, 550 (2005) (federal courts may have jurisdiction over a class action if the jurisdictional requirements of 28 U.S.C. § 1332(a) are met).

## *Conclusion*

For the reasons set forth above, it is found that this court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332(a) and plaintiffs' motion to remand [doc. 33] is hereby **DENIED**.

THUS DONE this 24th day of January, 2012.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE